UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Robert LaFrance,<br><br>                    Plaintiff,<br>        v.<br><br>Credit Collection Services; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.:  3:15-cv-01253<br><br>COMPLAINT<br><br>August 21, 2015 |

For this Complaint, Plaintiff, Robert LaFrance, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, Robert LaFrance ("Plaintiff"), is an adult individual residing in Winsted, Connecticut, and is a "person" as defined by 47 U.S.C. § 153(39).

5.    Defendant Credit Collection Services ("CCS"), is a Massachusetts business entity with an address of 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459, operating as a collection agency, and is a "debt collector"

as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. A financial obligation (the "Debt") was allegedly incurred by a person who is not a party to this lawsuit (the "Debtor").

9. Plaintiff is not the Debtor, does not know the Debtor, and is not responsible for the Debt.

10. The Debt arose from a transaction that was incurred primarily for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. In or around July 2014, CCS began calling Plaintiff's cellular telephone, number 860-XXX-3336, using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

12. When Plaintiff answered calls from CCS, he heard a prerecorded message instructing him to wait for the next available representative.

13. When Plaintiff spoke with CCS, he was asked for an account number. Plaintiff responded that he did not have one. CCS thereafter told Plaintiff that he did not have an account in CCS's system and that CCS would not call Plaintiff again.

14. Nevertheless, CCS continued to place automated calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

A. <u>Plaintiff Suffered Actual Damages</u>

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA –**
**15 U.S.C. § 1692, *et seq.***

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

25. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TCPA –
### 47 U.S.C. § 227, *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. At all times mentioned herein, Defendants called Plaintiff on his cellular telephone using an ATDS and using a prerecorded or artificial voice without Plaintiff's consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

29. The telephone number called by Defendants was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

30. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. §

227(b)(3)(B).

32. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2015

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff